IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY WADDLE MCMANUS, )
)
    Petitioner, )
) 1:11CV103
    v. ) 1:00CR189-2
) 1:00CR190-2
UNITED STATES OF AMERICA, )
)
    Respondent. )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Waddle McManus, a federal prisoner, brings a Motion [1:00CR189-2, Doc. #141; 1:00CR190-2, Doc. #155][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to a total term of 284 months of imprisonment as a career offender. Petitioner appealed, but the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence.

During the years following the denial of his appeal, Petitioner engaged in a series of post-conviction filings, including one § 2255 Motion which was denied after being fully litigated. (Motion [Doc. #73]; Judgment [Doc. #91].) Petitioner later filed other documents which were determined to be successive § 2255 motions and were dismissed because

---

[1] All further citations to the record will be to case 1:00CR189-2 unless otherwise noted.

1

Petitioner did not seek and receive permission from the Fourth Circuit to file a successive § 2255 motion in this Court. (Motion [Doc. #93]; Motion [Doc. #101].)

Petitioner subsequently filed his present § 2255 Motion seeking relief from his sentence based on his contention that one of the state court convictions used to sentence him as a career offender under the United States Sentencing Guidelines (USSG), a conviction for misdemeanor assault on a female, was vacated by the state courts because it was an uncounseled conviction. Therefore, he claimed to no longer be a career offender. A response was ordered, and Respondent filed a Motion to Dismiss [Doc. #152] in which it argued that Petitioner's latest § 2255 Motion should be dismissed because it was barred under § 2255(h) as a successive motion and because it was time-barred under § 2255(f). Respondent additionally asserted that, even without the vacated conviction, Petitioner still qualified as a career offender based on prior convictions for bank robbery and misdemeanor intimidation of a witness.

Petitioner filed a Response [Doc. #154] to the Motion to Dismiss, alleging that the intimidation of a witness conviction was applied only through a Guidelines interpretation error. He also filed a Motion [Doc. #155] seeking to amend his pending § 2255 Motion to add claims under the recently-decided case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner maintained that, under Simmons, his conviction for intimidating a witness should not be counted as a predicate offense for the career offender enhancement under USSG § 4B1.1. Respondent was then ordered to respond to those further claims. In its Response, Respondent argued that even in light of Simmons, the intimidating a witness conviction remained a valid career offender predicate. (Response to Motion to Amend

2

[Doc. #163].) Petitioner replied and continued to argue that Simmons entitled him to relief. (Reply [Doc. #165].)

After an order for further briefing in light of changes in the policies of the United States Attorney's Office regarding Simmons claims, the Government filed a Supplemental Response [Doc. #175] in which it continued to oppose relief under Simmons. This led to a Supplemental Reply [Doc. #184] filed by Petitioner through counsel, which mainly argued the Simmons claim, but which also referenced attempts in the state courts to vacate the predicate conviction for intimidating a witness. Counsel stated that he followed up on a Motion for Appropriate Relief (MAR) filed by Petitioner attacking the intimidating a witness conviction in the state trial court, but was informed that the MAR was recently denied. Thereafter, the Court also ordered further briefing concerning, *inter alia*, whether or not Petitioner's career offender challenge to his intimidating a witness conviction was cognizable on collateral review in light of the issues addressed in Foote v. United States, Nos. 1:11CV42, 1:06CR177-1 (M.D.N.C. Sept. 24, 2013) (unpublished). Petitioner subsequently filed a Motion to Amend [Doc. #188], in which he sought to add a claim that his intimidating a witness conviction was uncounseled and, therefore, subject to collateral attack in this proceeding. He supported that filing with an Affidavit [Doc. #89] claiming that he had no attorney present when he pled guilty to the intimidating a witness conviction and that he did not sign a waiver of counsel. He also filed a Motion [Doc. #191] seeking to expand the record to include a copy of the state court judgment for his intimidating a witness conviction. The Government did not respond to those Motions. However, the Court entered an Order [Doc. #192] staying the matter and holding it in abeyance pending the

3

outcome of Foote, which was by that time on appeal in the Fourth Circuit, given that Foote had the potential to affect the cognizability of Petitioner's claims.

The Fourth Circuit recently decided Foote and concluded that Simmons-based challenges to career offender enhancements under the Guidelines are not the type of alleged sentencing error that can be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). While Foote was still pending, Petitioner filed a Motion [Doc. #196] seeking to remove the stay in the case and have the case move forward. In light of the Fourth Circuit's decision in Foote and the subsequent denial of certiorari by the United States Supreme Court, this case is ready to proceed. However, for the reasons set out below, the Court concludes that no further briefing is required and that the case can now be decided based on the parties' current filings.

As set out above, Petitioner's only claim in his original Motion is that this Court should vacate his sentence because he is no longer a career offender following the state court's decision to vacate his misdemeanor assault on a female conviction. Respondent's initial argument against relief is that the entire Motion is a second or successive § 2255 Motion and that the Court lacks jurisdiction to consider the Motion because Petitioner failed to receive permission to file it as required by § 2255(h) and 28 U.S.C. § 2244. Following the parties' briefing in this matter, and while the case was still stayed, the Fourth Circuit decided the case of United States v. Hairston, 754 F.3d 258 (4th Cir. 2014), which held that a § 2255 Motion filed after an earlier § 2255 Motion is decided is not considered a "second or successive" filing under § 2255(h) where a petitioner bases the later filing on a state court's

4

decision to vacate a predicate conviction used in the federal sentencing. The ruling in Hairston controls the present case and defeats the Government's jurisdictional argument. Therefore, the Court has jurisdiction over Petitioner's current Motion and will proceed to consider the parties' other arguments.

Respondent's next argument against granting Petitioner's Motion is that he failed to file it within the applicable statute of limitations. "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner's current Motion was filed more than a decade after the conclusion of his direct appeal, which marked the finality of his conviction. He also makes no claim that a government-created impediment prevented his filing or that he is entitled to rely on a recent and retroactive Supreme Court case. Instead, Petitioner argues under Johnson v. United States, 544 U.S. 295 (2005), that the state court's action in vacating his assault conviction is a fact which he could not have previously discovered through the exercise of due diligence,

5

that the state court's decision triggered § 2255(f)(4), and that his current Motion is timely because he filed it within a year of the state court's decision to vacate the predicate conviction.

Respondent does not deny that, under Johnson, a state court's decision to vacate a conviction previously used as a predicate for a federal sentencing enhancement can operate as a newly-discovered fact triggering § 2255(f)(4). However, as Respondent points out, Johnson requires not only that a petitioner file his § 2255 within a year of the state decision, but also that the petitioner exercise "due diligence" in seeking to have the state court vacate the predicate conviction. Johnson, 544 at 308-09. The Government argues that Petitioner did not exercise due diligence because he did not obtain the state court order vacating the assault for nearly nine years after this Court's entry of judgment in Petitioner's criminal case. Petitioner responds that it took him until 2004 to procure the paperwork to support his claim in state court that his conviction was uncounseled. He also argues that he was acting *pro se* in pursuing relief and that he raised his argument regarding the uncounseled conviction on direct appeal, in later filings in this Court, in two petitions under 28 U.S.C. § 2241 filed in the United States District Court for the District of South Carolina, and in two state court MARs, the second of which finally resulted in his conviction being vacated. He contends that his efforts, delayed or misguided as they sometimes were, constitute "due diligence" under Johnson.

Petitioner's diligence argument is dubious at best. Although he certainly made efforts to attack the assault conviction over the years, many of those efforts were in incorrect forms or incorrect forums. He attributes this to acting *pro se* or being ignorant of the law.

6

However, the Supreme Court considered a similar argument in Johnson and stated that "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." Johnson, 544 U.S. at 311. Thus, Petitioner's pursuit of relief in incorrect forums and filings does not appear to constitute the "due diligence" required to render his Motion timely. Further, even if the Court found Petitioner's claim to be timely, it still fails on its merits because removing the vacated assault conviction does not provide Petitioner with relief under § 2255, as set out below.

A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). Here, as Respondent points out, Petitioner's Presentence Report found him to be a career offender based on not two, but three predicate convictions: the misdemeanor assault on a female conviction, the intimidating a witness conviction, and a prior bank robbery conviction in this Court. (PSR, ¶ 49.) Therefore, eliminating only the assault predicate still leaves Petitioner with two predicate convictions for the career offender enhancement. Thus, the state court's action in vacating the assault conviction does not alone entitle Petitioner to relief under § 2255. United States v. Pettiford, 612 F.3d 270, 278-79 (4th Cir. 2010).

Petitioner nevertheless seeks to raise additional challenges to his intimidating a witness conviction based on Guidelines interpretation arguments, Simmons, and other related cases. In addition, Petitioner seeks to amend his original Motion to add a claim that

7

his intimidating a witness conviction is invalid because it was also an uncounseled conviction.

However, Petitioner's claim challenging the intimidation of a witness conviction stands in a very different position than his claim involving his assault conviction. Although Petitioner has made at least two attempts to move the state court to invalidate the intimidating a witness conviction, the state court refused to do so. (Reply [Doc. #184] at 1-2 and n. 1.) Moreover, Petitioner did not attempt to raise this claim at sentencing, on appeal, in his first § 2255 Motion, in his other prior federal filings, or even in his current Motion as originally filed. Nevertheless, he now seeks to use a § 2255 Motion allowed only by his eventually successful state court attack on his assault conviction to raise an independent federal attack on his intimidating a witness conviction more than twenty years after North Carolina entered that conviction and more than ten years after this Court entered a sentence based on that conviction. The Court of Appeals for the Fourth Circuit specifically considered such a scenario in United States v. Pettiford. Pettiford, 612 F.3d at 280. In Pettiford, the district court granted a § 2255 petition based on the petitioner's claim that certain of the predicate offenses had been vacated in the state court. The district court then considered the petitioner's challenges to the remaining predicates. However, the Fourth Circuit reversed and held that the district court erred in granting § 2255 relief in this situation.

> Instead of finding that Pettiford's sentence was unlawful on one of the specified grounds, the district court granted Pettiford § 2255 relief on the assumption that vacatur of any predicate sentence automatically entitles a petitioner to habeas relief without further inquiry. . . . This was error. Vacatur alone does not entitle a petitioner to habeas relief. Rather, as we stated in Bacon, vacatur entitles a petitioner to "seek review." 94 F.3d at 162 n.3. In

8

Case 1:00-cr-00190-LCB   Document 210   Filed 09/10/15   Page 8 of 11

> seeking review, however, the petitioner must still meet his burden of showing that his sentence is unlawful on one of the specified grounds, because only after determining that a sentence is unlawful can the district court vacate and set aside the sentence. See Hadden, 475 F.3d at 661. Here, not only did Pettiford fail to show that his sentence was rendered unlawful by the vacatur of his two 2002 convictions, but also the district court failed to make this inquiry before finding that Pettiford was entitled to § 2255 relief.
>
> Admittedly, after granting § 2255 relief, the district court did determine that Pettiford's sentence was unlawful. After concluding that "Pettiford's subsequently vacated convictions entitle[d] him to [habeas relief]," J.A. 266, the district court considered Pettiford's remaining ACCA qualifying convictions "akin to what would occur at a re-sentencing proceeding," J.A. 267, and determined that without his 2001 assault conviction, Pettiford's sentence exceeded the maximum sentence allowed by law because the sentence could no longer be enhanced under the ACCA. In so doing, however, the district court inverted the § 2255 process. Pursuant to Hadden, the district court had to determine whether Pettiford's sentence had been rendered unlawful on one of the specified grounds by the vacatur of his two 2002 convictions before vacating and setting aside the sentence. See 475 F.3d at 661. By doing otherwise, the district court bypassed the threshold inquiry of whether Pettiford's § 2255 petition, on its face, sufficiently established that Pettiford's sentence was "rendered without jurisdiction," "imposed in violation of the Constitution or the laws of the United States," or that it was "otherwise subject to collateral attack." 28 U.S.C. § 2255.

Id. at 278-79. Thus, in this case, the Court may not grant Petitioner's 2255 Motion based on the vacatur of his assault conviction, where two other predicate convictions remain.

Moreover, to the extent that Petitioner now seeks to raise a separate challenge to the predicate conviction for intimidating a witness as part of his present § 2255 Motion, such a claim is procedurally barred, since Petitioner failed to raise this challenge at sentencing or on direct appeal. See Pettiford, 612 F.3d at 280; see also Daniels v. United States, 532 U.S. 374, 382, 83 (2001) (noting that "[a] defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal

9

sentencing proceeding" due to the application of procedural default for failing to raise it). The Supreme Court has recognized exceptions to the procedural bar when a petitioner can demonstrate either cause and prejudice or actual innocence. See id. However, as the Fourth Circuit held in Pettiford, a petitioner cannot establish "cause" when the underlying claims were in existence and were available at the time of sentencing, even if the claims were arguably futile at the time. Id. at 281-82. As for actual innocence, this means factual -- not legal -- innocence, and Petitioner's legal challenges to the use of his predicate conviction for intimidating a witness do not qualify as claims of factual innocence. Pettiford, 612 F.3d at 283-284. Therefore, Petitioner's attempts to raise a separate challenge to his predicate conviction for intimidating a witness are procedurally barred.[1]

Finally, the Court notes that to the extent Petitioner seeks to raise Simmons or other new case law to challenge the predicate conviction for intimidation of a witness, Petitioner may not rely on "the applicability of case law that would not be available to others similarly situated." Pettiford, 612 F.3d at 279. To the extent that a possible separate claim could have been raised based on these cases, this Court stayed the action because it appeared that developments in Foote could potentially affect the cognizability of these claims. However, as noted above, the Fourth Circuit determined in Foote that such claims are not cognizable on review under § 2255. Therefore, Petitioner's attacks on the classification of his intimidating

---

[1] In addition, the Court also notes that while Petitioner's present § 2255 Motion itself is not a second or successive petition and may fall within the statute of limitations, as discussed above, it nevertheless appears that the statute of limitations bar and the bar on unauthorized second or successive motions would still apply to Petitioner's separate claims challenging the predicate conviction for intimidating a witness. For all of these reasons, Petitioner's attempt to now challenge his predicate conviction for intimidation of a witness is not properly before the Court.

10

a witness conviction as a felony predicate or crime of violence for purposes of the career offender provision are also not cognizable and should be denied.

Therefore, Petitioner's Motion to Amend should be denied, Respondent's Motion to Dismiss should be granted, and Petitioner's entire § 2255 Motion should be dismissed.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [1:00CR189-2, Doc. #196; 1:00CR190-2, Doc. #209] seeking to have the previously-entered stay removed and his Motion [1:00CR189-2, Doc. #191; 1:00CR190-2, Doc. #206] seeking to expand the record be granted.

IT IS FURTHER RECOMMENDED that Respondent's Motion to Dismiss [1:00CR189-2, Doc. #152; 1:00CR190-2, Doc. #168] be granted, that Petitioner's Motion [1:00CR189-2, Doc. #141; 1:00CR190-2, Doc. #155] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion to Amend [1:00CR189-2, Doc. #188; 1:00CR190-2, Doc. #203] be denied, and that this action be dismissed.

This, the 10th day of September, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge